IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| STEVEN SCOTT | |
|---|---|
| v. | CIVIL ACTION |
| JEROME WALSH, et al. | NO. 13-1552 |

### MEMORANDUM ON PETITION FOR WRIT OF HABEAS CORPUS

BAYLSON, District Judge                                                 February 7, 2014

     Presently before the Court is a Report and Recommendation issued by Magistrate Judge Carol Sandra Moore Wells, denying Petitioner Steven Scott's Petition for Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254. Upon independent and thorough review, and for the reasons stated below, the Court will affirm the Report and Recommendation and dismiss the Petition.

### I. Factual and Procedural Background

     Petitioner challenges his incarceration under a state court conviction for robbery, first degree murder, possession of an instrument of crime, and conspiracy under 28 U.S.C. § 2254. Scott was convicted in 1993, and sentenced life and a consecutive sentence of fifty-two and a half to one-hundred years in prison. Scott was appointed new counsel for his appeal, and challenged the effective assistance of trial counsel. On November 22, 1995 the Pennsylvania Superior Court affirmed the judgment and sentence. Petitioner did not appeal, and his judgment became final, on December 22, 1995.

     Petitioner filed a petition under the Pennsylvania Post-Conviction Relief Act, 42 Pa. C.S. §§ 9541-9546, on December 16, 1996. He was appointed counsel, but counsel filed a "no-merit letter" and withdrew. The PCRA court dismissed Scott's petition in December 1997, and the

1

Superior Court affirmed the dismissal on October 22, 1998. Scott filed a second PRCA petition in January 1999, which was dismissed as untimely and was not appealed. Scott filed a third PRCA petition in 2001, which was dismissed as untimely an was not appealed. Scott filed a fourth PRCA petition in 2003, which was also dismissed as untimely, and the Pennsylvania Superior Court affirmed the dismissal on January 5, 2005. Scott filed a fifth petition in 2006, which was also dismissed as untimely, and the Pennsylvania Superior Court affirmed the dismissal on May 27, 2008.

Petitioner filed this federal habeas petition on March 4, 2013 asserting ineffective assistance of trial counsel for failing to call witnesses and failing to conduct DNA testing on a beer bottle and paper bag found at the crime scene. Petitioner asserts appellate counsel was ineffective in failing to raise on appeal whether the trial court erred in denying Petitioner's motion to suppress eyewitness identification,. Petitioner asserts the trial court improperly ordered destruction of a beer bottle and brown paper bag that were found at the scene of the crime. Finally, Scott contends the untimeliness of his petition should be excused because it presents new evidence of actual innocence under Martinez v. Ryan, 132 S.Ct. 1309 (2012).

Petitioner Steven Scott filed a Motion to Consider the Merits of Habeas Corpus Claims Pursuant to McQuiggin v. Perkins on January 16, 2014 (ECF No. 13) after he filed his Objection (ECF No. 11) to the May 30, 2013 Report and Recommendation of Magistrate Judge Carol Sandra Moore Wells (ECF No. 10). Respondent filed a Response to the motion on January 17, 2014. (ECF No. 14).

## II.     THE REPORT AN D RECOMMENDATION

Magistrate Carol Sandra Moore Wells recommended the petition be denied as untimely, because Scott's conviction was final on December 23, 1995, and the current petition was not

filed until sixteen years after the AEDPA deadline.  Magistrate Judge Wells further found although statutory tolling extended the deadline until March 31, 1999, this federal habeas petition was filed nearly fourteen years past the deadline.  Finally, Judge Wells found equitable tolling did not apply to this petition because Petitioner did not diligently pursue his rights, and because Petitioner did not show some extraordinary circumstances prevented him from asserting his rights.

### III. PETITIONER'S OBJECTIONS TO THE REPORT AND RECOMMENDATION

Scott contends the Magistrate Judge erred in finding Martinez v. Ryan, 132 S. Ct. 1309, 1320 (2012) did not create a newly-recognized constitutional right.  Petitioner argues his petition should not be time-barred under Martinez, equitable tolling, and the McQuiggin v. Perkins actual innocence exception.

### IV.    ANALYSIS

#### A. Martinez

"Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."  Martinez v. Ryan, 132 S. Ct. 1309, 1320 (2012). In Martinez the state law did not allow defendants to raise ineffective assistance of counsel on direct appeal, so if the petitioner was denied effective assistance of counsel in his state collateral proceeding, he would have been barred from raising the issue at all. Id. at 1315-17.  Accordingly, the Court found this was an equitable exception to procedural default. Id. at 1320.

The Court in <u>Martinez</u> addressed procedural default, but not the statute of limitations under 28 U.S.C. § 2244 (d)(1). Furthermore, unlike the petitioner in <u>Martinez</u>, Scott was able to challenge his conviction based on ineffective assistance of trial counsel on direct review. Accordingly, the Report and Recommendation correctly found <u>Martinez</u> has no bearing on this case.

**B. Tolling**

A 1-year period of limitations applies to habeas petitions.

> The limitation period shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.
> (B) the date on which the impediment to filing an application created by the State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244 (d)(1).

<u>1. Statutory Tolling</u>

"The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244 (d)(2).

The Pennsylvania Post-Conviction Relief Act went into effect on January 16, 1996 and provided for a one-year grace period to file petitions. 42 Pa. C.S. § 9545(b)(1). Scott filed his PCRA petition on December 16, 1996, and timely filed an appeal, which was denied on October 22, 1998. Scott had thirty days to petition for appeal to the Supreme Court of Pennsylvania, which he did not seek.

The Report and Recommendation correctly found Campbell's limitations period was tolled through November 22, 1998 under 28 U.S.C. § 2244(d)(2), because his PCRA petition was properly filed. Pettitioner had until March 31, 1999 to file his federal habeas petition. Although Petitioner filed four more PCRA petitions, those petitions were not timely, and did not toll the statutory limitations period because they were not properly filed. Since Petitioner's federal habeas petition was filed nearly fourteen years after the limitations period expired, Magistrate Judge Wells correctly found his petition is not timely.

2. Equitable tolling

Equitable tolling is available if (1) the defendant has actively misled the petitioner; (2) the petitioner was prevented from asserting his rights has in some extraordinary way; or (3) if the plaintiff has timely asserted his rights, but mistakenly done so in the wrong forum. Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). "The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims." Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 618-19 (3d Cir. 1998) (quoting New Castle Cnty. v. Halliburton NUS Corp., 111 F.3d 1116, 1126 (3d Cir. 1997)).

The Report and Recommendation found that Petitioner did not exercise diligence in bringing his claims, because the documents supporting petitioner's claims show his claims were discoverable through due diligence well before the statute of limitations expired. In addition, Petitioner's federal habeas petition is nearly fourteen years late. Petitioner does not contend that he mistakenly filed in the wrong forum, or that he was misled. Finally, Petitioner does not allege he was prevented from filing his federal habeas petition. Accordingly, Petitioner has not raised

any basis to toll the statute of limitations, and the Report and Recommendation properly denied his petition as untimely.

### 3. McQuiggen Actual Innocence

In McQuiggin v. Perkins, the Supreme Court held a showing of actual innocence can be an exception to the AEDPA statute of limitations. 133 S. Ct. 1924, 1935 (2013). To invoke the exception "a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" Id. (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)) ("The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" (quoting Schlup, 513 U.S. at 316))). "Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." Id. In remanding the case, the Court noted the District Court's determination that the information contained in affidavits the petitioner appended to his petition was "substantially available to him at trial" should be dispositive. Id. at 1936.

Petitioner appended affidavits from Brady Davis, Vernon Crosby and Charles Peruto, that Petitioner contend would have impeached Ronald Kelly's testimony against him at trial. Petitioner contends he was given ineffective assistance at trial because his counsel failed to call these witnesses. Petitioner also argues his trial counsel was ineffective, because he failed to conduct DNA testing on a beer bottle and paper bag found at the scene of the crime. In June 2001 Judge Byrd authorized the destruction of the bottle and the brown paper bag, which Petitioner also contends prejudiced him.

6

The Report and Recommendation does not directly address McQuiggin, but does note that all of the affidavits, with the exception of attorney Charles Peruto, were dated before the statute of limitations expired. The Report and Recommendation also noted that the beer bottle and paper bag were not admitted into evidence, because the police were unable to recover usable latent prints from either item.

On direct appeal of his claim, the Superior Court of Pennsylvania reviewed the same testimony by Ronald Kelly, and found that it merely corroborated eyewitness testimony by the two surviving victims. Petitioner alleges Kelly also testified that Petitioner tried to hire attorney Charles Peruto provide Kelly with a criminal defense if Kelly agreed not tell anyone what he had witnessed.

Even if Kelly's testimony had been thoroughly rebuked by the witnesses Petitioner identified, his petition could not succeed in showing the requisite actual innocence under the McQuiggin standard. First, as the Report and Recommendation notes, this information is not new evidence that was previously unavailable, but was presented on direct appeal, as well as collateral review in state court.[1] Second, "a petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." McQuiggin, 133 S. Ct. at 1935. Since Kelly's testimony corroborated two other witnesses who identified Petitioner at trial, it is not likely that no reasonable juror could have convicted him even if Kelly's testimony was discredited by other witnesses. Similarly, even if the now-destroyed bottle was available and DNA testing did not show Petitioner's genetic material on the bottle, such evidence would not mean no reasonable jury could have convicted him, because the bottle was not presented as inculpatory evidence. Finally, under McQuiggin the court does consider

---

[1] The one exception is the affidavit from attorney Charles Peruto Sr., which was dated 2005. But the affidavit states Mr. Peruto had no information about the case in question, and suggested his son, Charles Peruto Jr., might have been the attorney involved.

7

the delay in brining the evidence to consider it "as part of the assessment whether actual innocence has been convincingly shown." Id. at 1936.  The destruction of the bottle and bag was authorized in 2001, more than a year after the limitations period expired.  Accordingly, Petitioner could have raised this issue had his petition been timely, and it does not show actual innocence

### IV.  CONCLUSION

For the foregoing reasons, the Court will adopt the Report and Recommendation and dismiss the Petition for Writ of Habeas Corpus.  The Court concludes that there is no basis for issuance of a certificate of appealability.

An appropriate Order follows.

O:\CIVIL 13\13-1552 scott v. walsh et al\13cv1552.scott.randr.memo.docx